UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH MCCLENDON,

        Plaintiff,

  v.

                                      Case No. 23-cv-1091-pp

KILOLO KIJAKAZI,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff indicates that he is not employed, he is not married and he has no dependents he is responsible for supporting. Dkt. No. 2 at 1. The plaintiff's only source of income is $280 per month from his parents. Id. at 2. The plaintiff states that his total monthly expenses are $280, id. at 3, but he lists only $90 for credit card payment(s) and

1

$20 for cell phone expenses, id. at 2. The plaintiff owns a 2003 Toyota Camry, worth approximately $1,500; he does not own his home or any other property of value; he has $497.58 in cash on hand or in a checking or savings accoutn. Id. at 3-4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that the plaintiff's claim for benefits was denied by an administrative law judge, which became the final decision of the Commissioner. Dkt. No. 1 at 2. The plaintiff states that the ALJ lacked substantial evidence for his decision denying benefits. Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 18th day of August, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
